IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROSEMARY DAVIS, | |
| Plaintiff, | 4:16CV3001 |
| vs. | ORDER |
| CITY OF CREIGHTON, and BOB JENSEN, Individually and in his Official Capacity; | |
| Defendants. | |

Plaintiff has moved to file an amended complaint. ([Filing No. 55](#)). Defendant argues Plaintiff's motion must be denied as untimely. For the reasons stated below, Plaintiff's motion will be denied.

## ANALYSIS

Plaintiff' complaint was filed over two years ago. ([Filing No. 1](#)). The court entered a case progression order setting April 20, 2016 as Plaintiff's deadline for moving to amend her pleadings. ([Filing No. 9](#)). Although other case progression deadlines were later extended, that deadline was not.

Plaintiff timely filed an amended complaint, ([Filing No. 13](#)), which asserts two claims under 42 U.S.C. § 1983; specifically, that Defendants failed to hire her in retaliation for Plaintiff's significant other, Mike Nutting, exercising his First Amendment right of free speech, and that Defendants interfered with her intimate association with Nutting in violation of her First Amendment rights.

Nearly 21 months after the deadline to amend pleadings, Plaintiff now seeks to add claims alleging Defendants' hiring decision deprived her of a "protected property right in the position of Deputy City Clerk pursuant to the City's Operative Employment

Handbook, Section IV under the Local Preference Rule," and was made in secret, in violation of the Nebraska Open Meetings Act. ([Filing No. 55-1, at CM/ECF pp. 7-9](#)).

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." [Fed. R. Civ. P. 16(b)(4)](#). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. [Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008)](#); [Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006)](#).

The new allegations within the amended complaint are based on facts Plaintiff knew, or in the exercise of reasonable diligence, should have known when her lawsuit was initially filed. The deadline for moving to file an amended complaint expired in April of 2016. Plaintiff has failed to show she could not have raised her new claims before that deadline.

Accordingly,

IT IS ORDERED:

1)   Plaintiff's motion to amend, ([Filing No. 55](#)), is denied.

2)   A telephonic conference with the undersigned magistrate judge will be held on February 28, 2018 at 9:00 a.m. to reset the dispositive motion deadline and to re-schedule the trial and pretrial conference. Counsel shall use the conferencing instructions assigned to this case, (see Filing No. 10), to participate in the call.

February 24, 2018.

                                                            BY THE COURT:
                                                            *s/ Cheryl R. Zwart*
                                                            United States Magistrate Judge